```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

STANTON GREEN,                          *

    Plaintiff,                      *

vs.                                     *       CASE NO. 4:10-CV-66 (CDL)

VALUE PLACE PROPERTY MANAGEMENT         *
LLC, *et al.*,
                                        *

    Defendants.
                                        *

## O R D E R

Plaintiff Stanton Green ("Green") alleges that his former employer, Defendant Value Place Property Management, LLC ("Value Place"), terminated his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"). Compl. ¶ 3, ECF No. 1. Green also attempts to assert Title VII claims against Jack Deboer, an owner of Value Place; David Redfern, Value Place's president; Roger Bolton, Value Place's vice president of human resources; and Gregg Buckles, Value Place's Gulf Coast area manager (collectively, "individual Defendants"). *Id.* Green's Complaint does not allege any other claims against the individual Defendants. The individual Defendants filed a motion to dismiss pursuant to 12(b)(6) because Title VII does not provide for individual liability. As discussed below, the individual Defendants' motion to dismiss (ECF No. 16) is granted, and Green's Title VII claims against the individual Defendants are dismissed.

DISCUSSION

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Here, Green's Complaint does not state a claim against the individual Defendants that is plausible on its face. Green's Complaint only alleges Title VII claims against the individual

2

Defendants, but it is well settled that "relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam). "Individual capacity suits under Title VII are . . . inappropriate." *Id.* For these reasons, Green cannot bring Title VII claims against the individual Defendants. His claims against the individual Defendants are therefore dismissed.

CONCLUSION

For the reasons set forth above, the individual Defendants' motion to dismiss (ECF No. 16) is granted.

IT IS SO ORDERED, this 28th day of January, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE