```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

STANTON GREEN,                    *
       Plaintiff,                 *
vs.                               *    CASE NO. 4:10-CV-66 (CDL)
VALUE PLACE PROPERTY              *
MANAGEMENT, LLC,                  
                                  *
       Defendant.
                                  *
```

O R D E R

Plaintiff Stanton Green ("Green") was employed by Defendant Value Place Property Management, LLC ("Value Place") as a property attendant. Green, who is black, claims that Value Place terminated his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff appears to contend that Value Place terminated him because of his race and in retaliation for his complaints to the NAACP and the Equal Employment Opportunity Commission ("EEOC"). Presently pending before the Court is Value Place's Motion for Summary Judgment (ECF No. 27). For the reasons set forth below, the motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

In accordance with Local Rule 56, Value Place filed a statement of material facts to which Defendants contend there is no genuine dispute. Mem. of Law in Supp. of Def.'s Mot. for Summ. J. § II, Statement of Undisputed Material Facts, ECF No. 28. Pursuant to Local Rule 56, each of Value Place's fact statements is supported by a specific citation to the record. Green did not respond to Defendants' statement of material facts as he was required to do under Local Rule 56. In fact, he did not respond to Value Place's summary judgment motion at all. For these reasons, Value Place's statement of undisputed material facts is deemed admitted under Local Rule 56. M.D. Ga. R. 56. The Court has reviewed those citations to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir. 2008) (internal

quotation marks omitted). Based on the Court's review of Value Place's statement of material facts and record citations, the undisputed facts, viewed in the light most favorable to Green, are as follows.

Value Place is an extended stay lodging company. Value Place hired Green in July 2008 to work as a property attendant at its Columbus, Georgia location. As a property attendant, Green's duties included maintenance, housekeeping, laundry, check-ins, and security. Property attendants must enter and check guest rooms periodically to make sure that they are clean. Unless they are on approved leave or vacation, property attendants are on call for guest services and emergencies.

In January 2009, Value Place assistant manager Tammy Wells reported that Green had stolen money from the office cash drawer and said that there was a video to prove it. Based on these allegations, Green was terminated on January 10, 2009. Green contacted the NAACP, and a representative of the Columbus NAACP chapter contacted Value Place, claiming that Green had not stolen any money and that he had been unfairly treated. After an investigation, Value Place determined that Green had not taken any money but that he had improperly accessed the cash drawer. Based on these findings, Green's employment was reinstated, and his termination was converted to a suspension with pay.

At some point in 2009, Green was reassigned from property attendant to studio attendant. Green believed that he was reassigned because he took two days off without a doctor's note and he got behind on his cleaning duties. After the reassignment, Green made the same wages, though the studio attendant position was hourly, while the property attendant position was salaried.

During 2009, Green had a series of disciplinary issues. In February 2009, Green received a written warning for being disrespectful to a co-worker who attempted to relay Green instructions from a manager. Green was told that similar conduct could result in termination. In March 2009, Green received a written warning for poor performance because he damaged company property by attempting to open a guest room door with a crow bar. Also during March, Green received a written warning for failure to meet cleaning standards, and he was told by his supervisors that he would be terminated if he did not meet expectations for room cleaning. Later in 2009, the Columbus Value Place became understaffed because one of the housekeeping employees quit, and the existing employees, including Green, were asked to take on additional housekeeping and cleaning duties, but Green failed to meet expectations for cleaning. Specifically, Green noted on his daily room cleaning schedule that he had cleaned guest room 325 even though he had

4

not; that guest room became infested with bugs and had to be fumigated.  In addition, Plaintiff received a written warning in October 2009 for making a personal long distance call in a guest's room without authorization.  In December 2009, Value Place terminated Green for dereliction of duties and falsification of company records with regard to Room 325, for violating company policies by borrowing $20 from a guest, for taking an unauthorized break, and for unauthorized use of a guest's phone.

Green filed a charge of discrimination with the EEOC on September 7, 2009, alleging that he was discriminated against because of his race and in retaliation for filing a complaint with the NAACP.  In his EEOC charge, Green alleged that he had been demoted to housekeeping, subjected to harassment and had his hours and wages changed in retaliation for his complaint to the NAACP.  He also claimed that his work environment had gotten worse since his reinstatement.

DISCUSSION

**I.   Discrimination Claim**

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1).  Where, as here, there is no direct evidence of discrimination, the Court uses

5

the burden shifting approach established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 (1981). *Springer v. Convergys Customer Mgmt. Grp. Inc.,* 509 F.3d 1344, 1347 (11th Cir. 2007) (per curiam). Under the *McDonnell Douglas* framework, Green must establish a prima facie case of discrimination. *Id.* The burden then shifts to Value Place to articulate a legitimate nondiscriminatory reason for the challenged employment action. *Id.* Finally, the burden returns to Green to prove that the articulated reasons are pretext for discrimination. *Id.*

Though it is not clear from the present record, Green appears to contend that Value Place discriminated against him because of his race by (1) suspending him with pay for the cash drawer incident, (2) giving him written warnings for poor performance, (3) reassigning him from property attendant to studio attendant, (4) giving him extra housekeeping work when Value Place became understaffed, and (5) terminating his employment. In other words, Green appears to assert that he was subjected to disparate discipline because of his race. To establish a prima facie case of disparate discipline, Green must establish that he "was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264

6

(11th Cir. 2010).[1]  There is no evidence that Green did not violate the work rules for which he was disciplined.  Green also did not point to any evidence that a person outside the protected class engaged in similar misconduct but received lighter discipline.  Accordingly, the Court concludes that Green has not met his burden of establishing a prima facie case of discriminatory discipline.  Furthermore, even if the Court found that Green had established a prima facie case of disparate discipline, he has not presented any evidence to rebut the legitimate nondiscriminatory reasons Value Place articulated for the discipline: Green did a poor job cleaning rooms and violated a variety of work rules.  For these reasons, Value Place is entitled to summary judgment on Green's discrimination claims.

## II. Retaliation Claim

Value Place is also entitled to summary judgment on Green's retaliation claims.  To establish a prima facie case of retaliation, Green must show that (1) he engaged in statutorily protected activity, (2) he suffered a materially adverse employment action, and (3) there was a causal link between the two.  *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010).  Though it is not clear from the present record, Green

---

[1] An employee may also establish a prima facie case of discriminatory discharge by showing that he was a qualified member of a protected class, was terminated and replaced by someone outside the protected class.  *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).  There is no evidence in the present record that Green was replaced by someone outside the protected class after he was terminated.

7

appears to contend that Value Place retaliated against him because he asked the NAACP to help him challenge his termination in January 2009 and because he filed an EEOC complaint in September 2009. Green appears to assert that Value Place retaliated against him by (1) giving him written warnings for poor performance, (2) reassigning him from property attendant to studio attendant, (3) giving him extra housekeeping work when Value Place became understaffed, and (4) terminating his employment. Green has not, however, pointed to any evidence of a connection between his complaints and the allegedly retaliatory actions. Moreover, even if he had pointed to sufficient evidence to create a prima facie of retaliation, Green did not point to any evidence to rebut the legitimate non-retaliatory reasons Value Place articulated for the discipline: Green did a poor job cleaning rooms and violated a variety of work rules. For these reasons, Value Place is entitled to summary judgment on Green's retaliation claims.

## CONCLUSION

For the reasons set forth above, Value Place's Motion for Summary Judgment (ECF No. 27) is granted.

IT IS SO ORDERED, this 27th day of December, 2011.

                                              S/Clay D. Land
                                                 CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE